IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

3V SOLUTIONS, LLC                                                     **PLAINTIFF**

V.                                           **CIVIL ACTION NO. 3:12-CV-00714-CWR-FKB**

**MOWYATT ENTERPRISE SOLUTIONS, INC.,**
**SYNAPTYK, INC., and SAM WOOD**                      **DEFENDANTS**

## ORDER

Upon motions of the Plaintiff, 3V Solutions, LLC, the Clerk of this Court entered a default against Defendants Sam Wood and MoWyatt Enterprise Solutions, Inc. ("MoWyatt"), Docket No. 11, on November 16, 2012, after Wood and MoWyatt failed to file responsive pleadings in this matter. Before the Court are Plaintiff's Motions for Default Judgment as to Wood and MoWyatt, Docket Nos. 12 and 13, filed on December 17, 2012. The Plaintiff supports its motions with affidavits, invoices, and a February 13, 2012, letter from the Plaintiff to MoWyatt, directed to the attention of Sam Wood, which informed MoWyatt of the amount that it owed the Plaintiff for an unpaid invoice. *See* Docket Nos. 12-1, 12-2, 13-1, 13-2. As of the date of this Order, neither Wood nor MoWyatt have filed an answer in this matter. The Court, being fully advised in the premises, finds that the Plaintiff's motions for default judgment should be granted and that judgment should be entered in the Plaintiff's favor for the amount requested in its motions. *See* Docket Nos. 12-1, 13-1.

Moreover, the Court finds that the case at bar presents no need for an evidentiary hearing on the issue of damages. "It is a familiar practice . . . for a court upon default, by taking evidence *when necessary* or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*,

323 U.S. 1, 12 (1944) (emphasis added). Furthermore, when substantial evidence exists on which a court may calculate damages and when the complaint puts the defendants on notice as to the specific amount of damages sought, the defendants are not entitled to an evidentiary hearing on the same. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988); *United States v. DeFrantz*, 708 F.2d 310, 312-13 (7th Cir. 1983). Here, a review of the Plaintiff's supporting documents establishes that the amount of damages is liquidated and capable of mathematical calculation. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The Court will, therefore, enter a default judgment without holding an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 28th day of February, 2013.

                                               s/ Carlton W. Reeves
                                               UNITED STATES DISTRICT JUDGE